**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 10-6-DLB**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**                             **REPORT AND RECOMMENDATION**

**ROBERT POWERS**                                                     **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On June 21, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Violation Report and Addendum that Defendant Robert Powers had violated conditions of his supervised release. Defendant was present in Court and represented by F. Dennis Alerding, and the Government was represented by Assistant United States Attorney Anthony Bracke. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-10-cr-6-DLB-CJS_20170622_135501; the official record of this proceeding was certified by Kati Bramble, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to the violations as set forth in the June 7, 2017, Violation Report and June 20, 2017, Addendum and, in exchange, the Government agreed to a recommended sentence of 6 months of imprisonment with a 15-year term of supervised release to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended**

that Defendant's **supervised release be revoked** and that he be **sentenced to a 6-month term of imprisonment, with a 15-year term of supervised release to follow.**

I.      Procedural Background

On April 16, 2010, Defendant Robert Powers pleaded guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). (*See* R. 23). On August 19, 2010, the presiding District Judge sentenced Defendant to a 96-month term of imprisonment with 15 years of supervised release to follow. (*See* R. 37).

On April 21, 2017, Defendant was released from prison to begin his term of supervision. (*See* R. 48). On June 7, 2017, Senior United States Probation Officer (SUSPO) Stacey M. Suter submitted a Petition for Warrant or Summons for Offender under Supervision, notifying the presiding District Judge that Defendant had not complied with conditions of his supervision. (*See* R. 41). Officer Suter recommended a warrant issue for Defendant's arrest. (*See id.*). A warrant issued, and Defendant was brought before the undersigned for an initial appearance as to the alleged violations. (*See* R. 47). At this initial proceeding the charged violations, which had been presented to the Court via the Probation Officer's June 7, 2017, Violation Report (*see* R. 48), were reviewed with the Defendant and the matter scheduled for a Final Revocation Hearing. Upon call of this case at the scheduled Final Hearing, the Court also reviewed with Defendant the June 20, 2017, Violation Report Addendum prepared by SUSPO Suter, which Addendum added an additional violation charge. (*See* R. 52). As discussed above, during the Final Revocation Hearing counsel informed the Court the parties had reached an agreement: Defendant was prepared to admit his guilt to the violations as set forth in the Violation Report and Addendum, and the parties agreed on a recommended sentence of imprisonment of 6 months with 15 years of supervised release to follow.

At the initial appearance, the undersigned explained to Defendant the statutory maximum term of incarceration and supervised release as well as the applicable Guidelines range. A change in the applicable Guidelines range resulting from the charge added by the June 20, 2017, Addendum was also explained to Defendant at the start of the final proceeding. The undersigned further explained during the final hearing that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to the violations set forth in the June 7, 2017, Violation Report and June 20, 2017, Addendum of the United States Probation Officer. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:** The Defendant shall not possess or use a computer or any device with access to any on-line computer service at any location, including place of employment, without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or email system (Grade C violation).

On June 2, 2017, SUSPO Suter and Supervising U.S. Probation Officer Anthony Josselyn conducted a home visit with Defendant at his residence, during which he produced his cell phone for inspection. The Officers determined Defendant's cell phone had Internet access capabilities and that he had been accessing the Internet via his cell phone without the approval of the U.S. Probation Office.

> **Violation No. 2:** The Defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available (Grade C violation).

Defendant's cell phone, which had been held by the Probation Officers following the June 2, 2017, initial inspection, was further inspected by the U.S. Probation Office on June 5, 2017. During

3

that further inspection it was determined that Defendant had been accessing a free pornography website on which he had been viewing forced videos.

>**Violation No. 3:** The Defendant shall register as a sex offender as prescribed by state or federal law (Grade C violation).

Shortly after Defendant's release from prison, he took up residence at the Travelodge in Florence, Kentucky per the U.S. Probation Office's instruction, after Officer Suter informed Defendant his mother's address where he was then living was not an acceptable residential location for registry purposes. On or about May 5, 2017, he left the Travelodge and took up residence with a family member in Bromley, Kentucky, which was a prohibited residential location for state registry purposes. He did not report this change in residence to Officer Suter, but rather continued to represent to her that he was staying at the Travelodge. He also did not report this change for state registry requirements. Additionally, the June 5, 2017, inspection of Defendant's cell phone by U.S. Probation revealed Defendant had created an email address, [powersrobert313@gmail.com](mailto:powersrobert313@gmail.com). Upon the U.S. Probation Office's contact with the Kentucky State Police sex offender registry office, it was learned that Defendant had not registered his email address with that office.

>**Violation No. 4:** The Defendant shall not commit another federal, state, or local crime (Grade B violation).

As noted immediately above in reported Violation No. 3, Defendant failed to update his registry with the Kentucky Department of Corrections, State Probation and Parole office or the Kentucky State Police after moving from the Travelodge and failed to register his email address with the local probation and parole office. This omissive conduct by the Defendant violated the requirements of K.R.S. § 17.510, which violation is a Class D felony under state law.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charges knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged. Defendant waived his right to allocution and his right to appeal his sentence to the extent it is consistent with this Report and Recommendation. (*See* R. 53). The only issue remaining is the appropriate sentence to impose for the admitted violations.

**II.    Sentencing**

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1. The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5. The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 24 months, the underlying offense being a Class C felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of imprisonment of 6 to 12 months, based upon Defendant's criminal history Category of II and the highest level supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum new term of supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 6 months of incarceration with a 15-year term of supervised release to follow. Upon consideration of the entire record, including the June 7 and June 20, 2017, Violation Report and Addendum, the sentencing materials from the underlying Judgment in this District, the seriousness of the underlying offense, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence is appropriate.

While these most recent violations occurred almost immediately after Defendant was released from his 96-month sentence for his conviction on receipt of child pornography, this is his first violation. A 6-month term of incarceration, the low end of the Guidelines, is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

The parties' agreed-upon recommendation of a 15-year term of supervision to follow is also appropriate. As noted, these violations occurred shortly after Defendant's release, and imposing a new term of supervised release identical to the 15-year term originally imposed by the presiding District Judge is appropriate. The Court strongly emphasizes the importance of Defendant fully complying with the conditions of his supervised release following his period of incarceration. Further violations after having served a 6-month term of imprisonment will be a disappointment to the Court. Defendant will need to work hard to abide by supervised release conditions, and the Court urged Defendant to communicate openly with the U.S. Probation Office and accept its support and assistance to avoid further violations of the various conditions with which he must comply, in particular the sex offender conditions.

Lastly, Defendant has requested that if he is designated to a federal correctional institution for service of his 6-month sentence that he be placed at the federal facility in Texas where he served his original 96-month sentence. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### III.     Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and

enters his plea of guilty to all violations knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

1. Defendant **Robert Powers** be found to have **violated** the terms of his supervised release as set forth in the June 7, 2017, Violation Report and June 20, 2017, Addendum;

2. Defendant's supervised release be **revoked;**

3. Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **6 months,** with a **15-year term of supervised release to follow** on the same conditions imposed in the August 19, 2010, Judgment (R. 37); and

4. Defendant's sentence, if possible, be served at the federal facility in Texas where Defendant served his sentence for his original conviction.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 26th day of June, 2017.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\10-06 Powers SR violation R&R.wpd